Caruthers, J.,
delivered the opinion of the Court.
The petitioners are the four minor children of John Kirk-man, who file this petition or bill by their father, as next friend, for the sale of a tract of land of 70, 102-160 acres, a short distance from Nashville, on the Franklin turnpike, which had been devised to them by their maternal grandfather, N. A. McNairy. The petition or bill was filed Nov. 80, 1857.
After a proper reference and report, the Court decreed a sale at public vendue, by the Master, after due advertisement, on credits of one, two, and three years, at interest. The minimum was fixed at $125 per acre. The Master did not sell, but instead thereof the next friend made a sale before the next term, at $200 per acre. This fact was suggested to the Court, and a reference was made to the Master to take proof and report whether it was to the interest of the infants to adopt, ratify, and confirm this sale. The report being favorable, and entirely satisfactory, the Court adopted and confirmed this *519 sale, and the notes of the purchasers, payable to the Master, were filed and placed under the control of the Court. The money was ordered to be invested in county or State bonds.
On the falling due of the first note, the purchasers, Georgia A. McGavock and Susan C. Smith, married women, by their next friend, Francis McGavock, filed a petition to be released from the purchase and the payment of the money, on the ground that under the proceedings a good title would not be obtained by them. Two grounds are assumed :
1. That the bill or petition is filed by a “self-constituted” next friend. We are not aware of any other mode of making a next friend, in the first instance, for a proceeding of this kind. He would be under the control of the Court, and might be displaced, and another more suitable appointed, if found necessary for the interest of the infants. The selection in this case was certainly most appropriate, as the next friend is the father of the infants, and liable to no objection, and in every way competent to act for his children. I
2. The sale of the land was made at private sale, by the next j friend, without any decree authorizing him to do so, but pend- j ing a decree requiring the Master to make the sale at public j auction, upon advertisement, &c. This was certainly an in-i valid sale, not binding upon the Court or the purchaser. It j would communicate no title. But the Court might adopt and/ confirm it, with the assent of the purchasers, if found beneficial to the infants, upon full and scrupulous investigation. In this case it clearly appeared by the report of the Master, and ample proof, that the sale was an excellent one, the price being $75 an acre more than the land was proved to be worth by the best judges of property. It is not controverted that the Court might have ordered the sale to be made privately, as well as publicly. If so, why not allow the Court to accept and ratify a sale, or rather a bid, made through the next friend, without any anterior decree to sell in that way ? It is in effect a sale made by the Court, and not the next friend. He is only the medium through which the offer is made known to the Court. There is no sale until confirmation, in any case. It is the *520 sanction of the Court that malíes it a sale. Until that is done, it is only an offer or bid. The Court will take care of tbe infants, without the kind! aid and assistance of tbe purchasers, particularly when they hare given a high price, and are tired of their bargain. They get a good title in this case* and must stand to their purchase.
The decree dismissing the petition of the purchasers will- fe© affirmed.